UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

WINDER PENA HIDALGO,

     Petitioner,

v.

TODD BLANCHE, et al.,

     Respondents.

No. 6:26-CV-192-H

## <u>ORDER</u>

Before the Court is Winder Pena Hidalgo's emergency motion for a preliminary injunction or temporary restraining order prohibiting his removal from the United States pending the Court's adjudication of his habeas petition.  Dkt. No. 11.  Because Pena Hidalgo has not shown that he is entitled to a stay of removal, the motion is denied.[1]

### 1.    Legal Standard

Federal Rule of Civil Procedure 65 authorizes courts to issue temporary restraining orders and injunctions.  A temporary restraining order, or TRO, is "simply a highly accelerated and temporary form of preliminary injunctive relief."  *Hassani v. Napolitano*, No. 3:09-CV-1201, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009).  Thus, the party seeking a TRO or preliminary injunction must satisfy the same four-factor standard for preliminary injunctive relief.  *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 645 (N.D. Tex. 2021).  The party seeking relief must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the

---

[1] The Court grants the respondents' motion for leave to file their notice out of time.  Dkt. No. 12.

movant's favor; and (4) issuing the injunction will not disserve the public interest. *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013).

A TRO, like any injunction, is an "extraordinary remedy." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). "The decision to grant [such relief] 'is to be treated as the exception rather than the rule.'" *Jones v. Bush*, 122 F. Supp. 2d 713, 718 (N.D. Tex. 2000) (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). To prevail, the movant "must satisfy a cumulative burden of proving each of the four elements" for injunctive relief. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction." *Speed v. America's Wholesale Lender*, No. 3:14-CV-3425, 2014 WL 4755485, at *1 (N.D. Tex. Sept. 24, 2014) (emphasis in original).

## 2.    Analysis

"The purpose of a preliminary injunction is to preserve the *status quo* and prevent irreparable injury until the court renders a decision on the merits." *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022). Likewise, the purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974).

In his motion, Pena Hidalgo requests a stay prohibiting his removal from the United States. Dkt. No. 11 at 1–2. A stay of removal is inappropriate for at least four reasons. First, it does not appear that a final order of removal has been entered. *See* Dkt. No. 12 at 1–2. And if a final removal order were to go into effect, Pena Hidalgo would be subject to mandatory detention under a different statute, 8 U.S.C. § 1231, thus mooting his pending

habeas petition.  Second, Pena Hidalgo's habeas petition challenges his continued detention, not his removal.  It is unclear how a stay of removal would remedy the claimed violations.  *See* Dkt. No. 11 at 4.  Third, because "the government has agreed that it will provide meaningful notice" before executing Pena Hidalgo's removal, there is no imminent threat of removal warranting the exceptional remedy of a TRO.  *A.A.R.P. v. Trump*, 778 F. Supp. 3d 882, 887 (N.D. Tex. 2025); *see* Dkt. No. 10 at 1.  Finally, "not being removed is not a status quo that must be preserved so that the Court" can consider a petitioner's request for pre-removal release or a bond hearing.  *Nguyen v. Warden*, No. 3:26-CV-1413, 2026 WL 1194812, at *3 (N.D. Tex. May 1, 2026).

**3.    Conclusion**

Because Pena Hidalgo fails to show that he is entitled to a stay of removal, the Court denies his emergency motion for TRO and preliminary injunction (Dkt. No. 11).  The government's motion for leave to file its notice out of time (Dkt. No. 12) is granted, and the habeas petition (Dkt. No. 1) remains pending.

So ordered on May 26, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE